UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAVON BERRY, | ) |
|           Petitioner, | ) |
|           v. | ) No. 2:21-cv-00126-JPH-MKK |
| WARDEN, | ) |
|           Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tavon Berry filed a petition for a writ of habeas corpus challenging a Putnamville Correctional Facility ("PCF") disciplinary proceeding identified as ISF-20-09-0025. For the reasons explained in this Order, Mr. Berry's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

**I.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  The Disciplinary Proceeding

On September 3, 2020, Sgt. Barnes issued a Report of Conduct charging Mr. Berry with a violation of Code B-252. Dkt. 14-1. The Conduct Report states:

> On 9-3-2020 at approx. 0950 I, Sgt. Barnes was on the porch of the PDR assisting with delivering meals to dorms. Dorm 18 South was let out to ballfield rec, and was being sent up the dog run. Offender Berry, Tavon DOC # 222388 stepped towards the center of the compound and did not move. I ordered the offender several times to either go to recreation or return to the dorm, he refused to comply. I then ordered the offender to turn around for placement of restraints, he refused. I then stepped behind the offender and applied restraints, he then began screaming "take me to seg." The offender was identified by state I.D. and advised of conduct.

*Id*.

On October 5, 2020, Mr. Berry was notified of the charges and pleaded not guilty. Dkt. 14-3. Mr. Berry requested a lay advocate and a copy of the video to prove he was not idling but instead talking to a prison official. *Id*. On October 7, 2020, the hearing officer produced a Report of Disciplinary Hearing Video Evidence Review. Dkt. 14-2. The report noted that the hearing officer reviewed the video evidence and determined Mr. Berry was standing alone and not talking to a prison official. *Id.*

A hearing was held on October 9, 2020. Dkt. 14-5. Mr. Berry maintained that he was talking to a prison official. *Id*. He also complained that he was not screened within seven days of the offense in violation of prison policy. *Id*. The evidence presented at the hearing included staff reports, Mr. Berry's statement, and video evidence. *Id.* One of those staff reports came from the prison official to whom Mr. Berry said he was speaking. Dkt. 14-6. That official indicated she was consulting with staff about the installation of new equipment when she heard Mr. Berry yelling at her from across the road. *Id.* Based on this evidence, the hearing officer found Mr. Berry guilty of violating Code B-252. *Id*. The sanctions imposed included a written reprimand, 30 days of

disciplinary restrictive housing, and a 90-day loss of credit time[1]. *Id.* On the same day, Mr. Berry filed an appeal. Dkt. 14-7. On October 30, 2020, the facility head denied the appeal. *Id.*

Thereafter, Mr. Berry filed an appeal with the Indiana Department of Correction ("IDOC"), and on December 3, 2020, learned that appeal was also denied. Dkt. 14-8. On March 2, 2021, after the denial of his appeals, Mr. Berry filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. Respondent filed a return to the Order to Show Cause, dkt. 14, and Mr. Berry filed a reply, dkt. 22.

### III.   Analysis

Mr. Berry's petition raises four grounds for relief. First, he alleges that the prison failed to follow IDOC policy. Second, he contends that he was improperly denied the opportunity to view the video evidence. Third, he insists there was insufficient evidence to support the hearing officer's finding of guilt. Fourth, Mr. Berry alleges the written basis for the finding of guilt was insufficient to notify him of the hearings officer's rationale.

#### A.   IDOC Policy

Mr. Berry alleges the prison violated IDOC or prison policy, which requires prison officials to deliver to a prisoner their screening report within seven days of an alleged offense. Dkt. 22. In this case, the offense took place on September 3, 2020, dkt. 14-1, and he received the screening report on October 5, 2020, dkt. 14-3, before his October 9, 2020, hearing. Dkt. 14-5.

Complaints about IDOC policy are not grounds for habeas relief. *See, e.g.*, *Sandin v. Conner,* 515 U.S. 472, 481–82 (1995) (Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on

---

[1] While the 90-day loss of credit time was never imposed, the Court has jurisdiction because of the likelihood that collateral consequences affect how long Mr. Berry would be incarcerated instead of on parole. Dkt. 13 at 2.

inmates."); *Estelle v. McGuire,* 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). For this reason, the Court may not grant habeas relief based on any issue arising from the administrative appeals process, which is a creation of IDOC or prison policies. *Lauderdale-El v. Smith*, No. 2-19-CV-00053-JPH-DLP, 2020 WL 5748131, at *2 (S.D. Ind. Sept. 25, 2020).

**B.     Denial of Video Evidence**

Mr. Berry alleges he was improperly denied access to the video evidence. He argues that there was no security risk in him viewing the video—as he already knew of the camera angles-- and that the video would have proven that the hearing officer's finding of guilt was unsupported. Dkt. 22.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*,

4

681 F. App'x 494, 497 (7th Cir. 2017) (*quoting Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

The Court reviewed the video, dkt. 15, Ex. G, and finds that it supports the Conduct Report, dkt. 14-1. To the extent that there is any discrepancy about whether Mr. Berry was yelling or speaking with another prison official and not just idly standing on the sidewalk, such a discrepancy is not enough to raise a reasonable probability of a different result. If construed in the light most favorable to Mr. Berry, the video still demonstrated that Sgt. Barnes approached Mr. Berry and directed him multiple times to relocate to one of two places instead of standing in the middle of the sidewalk. Dkt. 15, Ex. G. When Mr. Berry did not comply and remained still, Sgt. Barnes forcefully removed him. *Id*. As the petitioner, it is Mr. Berry's burden to establish that any evidence he was denied was material and exculpatory. *See Piggie*, 344 F.3d at 678. Mr. Berry has not met this burden.

### C. Sufficiency of the Evidence

Mr. Berry challenges the sufficiency of the evidence supporting the hearing officer's finding of guilt. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (cleaned up).  The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Berry was charged with violating Code B-252, interfering with a staff member in the performance of his/her duties. Dkt 14-9. Mr. Berry insists that he did not stop Sgt. Barnes from completing his work, nor did he fail to comply with a direct order to leave the sidewalk. Dkt. 22, p. 21. Nevertheless, Mr. Berry admits that Sgt. Barnes was assisting with meal delivery when he stopped and approached Mr. Berry about not idling on the sidewalk. *Id*. The Conduct Report explicitly indicated that Mr. Berry twice refused to comply with Sgt. Barnes' order to relocate to either the dorm or the recreational facility. Dkt. 14-1. Finally, the video evidence supports Sgt. Barnes' narrative that he directed Mr. Berry to elect one of two paths but that he remained stationary. Dkt. 15, Ex. G. Accordingly, Mr. Berry's sufficiency of the evidence claim fails.

### D. Written Basis for Decision

Finally, Mr. Berry alleges that the written decision does not detail the evidence the hearing officer used to make his decision. "Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs*, 485 F.3d at 941 (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* But "[o]rdinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

The Report of Disciplinary Hearing states that the hearing officer considered the staff reports, Mr. Berry's statement, and the video evidence. Dkt. 14-5. Thus, Mr. Berry is incorrect that the written statement does not reflect the hearing officer's rationale. Although the report was brief,

6

it was sufficient to comport with due process. When a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007) (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"); *see Scruggs*, 485 F.3d at 941; *Saenz*, 811 F.2d at 1174. This case was straightforward: Sgt. Barnes directed Mr. Berry to take an action, Mr. Berry failed to comply, and corrective action was instituted. Dkt. 14-1.

### E.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Berry to the relief he seeks. Accordingly, Mr. Berry's petition for a writ of habeas corpus must be **DENIED**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/3/2023

                                                           James Patrick Hanlon
                                                           United States District Judge
                                                           Southern District of Indiana

Distribution:

TAVON BERRY
222388
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant - Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov